## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

|  |  |
|---|---|
| **STATE OF TEXAS**,<br><br>*Plaintiff*,<br><br>v.<br><br>**ALEJANDRO MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UR MENDOZA JADDOU, in her official capacity as Director of the United States Citizenship and Immigration Services; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and JOSEPH R. BIDEN, in his official capacity as President of the United States**,<br><br>*Defendants*. | Case No. 6:23-cv-00001<br><br>Hon. Drew B. Tipton |

## JOINT CASE MANAGEMENT PLAN AND PROPOSED SCHEDULING ORDER

The parties, by and through undersigned counsel, state as follows:

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The parties, though counsel, met and conferred on March 15, 2023, and April 10, 2023 via video conference.  Johnathan Stone and Charles Eldred appeared for the State of Texas. Alexander Sverdlov, Christopher Eiswerth, and Lance Duke appeared for Defendants.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   The parties are not aware of other related cases that are currently pending.

3. **Briefly describe what this case is about.**

   This suit is an APA challenge to the repeal of a 2019 rule, and the adoption of a 2022 rule,

governing how public charge inadmissibility determinations are to be made by the Department of Homeland Security under the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(4)(A).

4. **Specify the allegation of federal jurisdiction.**

The complaint asserts that the Court has jurisdiction under 5 U.S.C. §§ 702 and 703; 28 U.S.C. §§ 1331, 1346, and 1361; and the United States Constitution. *See* ECF No. 1 ¶ 19.

5. **Name the parties who disagree and the reasons.**

Defendants disagree that the Court has subject-matter jurisdiction because Texas lacks standing to assert its claims.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The parties are not aware of any additional parties who will be added.

7. **List anticipated interventions.**

The parties are not aware of any parties who will intervene.

8. **Describe class-action issues.**

The parties are not aware of any class-action issues.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Given that this case involves APA claims, which are reviewed on a certified administrative record, initial disclosures are not required under the text of Rule 26 and the parties have not made them.

10. **Describe the proposed agreed discovery plan, including**

   a. **Responses to all the matters raised in Rule 26(f).**

The parties do not anticipate the need for extra-record discovery at this time. Defendants anticipate producing the certified administrative record by May 19, 2023.  And the parties believe the matter may be resolved on either Defendants' anticipated motion to dismiss (due April 14, 2023) or the parties' forthcoming summary judgment motions (see proposed briefing schedule at Attachment 1).

   b. **When and to whom the plaintiff anticipates it may send interrogatories.**

Not applicable.

    c.  **When and to whom the defendants anticipate they may send interrogatories.**

Not applicable.

    d.  **Of whom and by when the plaintiff anticipates taking oral depositions.**

Not applicable.

    e.  **Of whom and by when the defendants anticipate taking oral depositions.**

Not applicable.

    f.  **When the plaintiff (or the party with the burden of proof on an issues) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Not applicable.

    g.  **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Not applicable.

    h.  **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Not applicable.

11. **If the parties are not agreed on a party of the discovery plan, describe the separate views and proposals of each party.**

The parties are in agreement on the above discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties do not believe extra-record discovery is necessary at this time. Defendants have undertaken efforts to assemble the relevant administrative records.

13. **State the date the planned discovery can reasonably be completed.**

Defendants anticipate producing the certified administrative records by May 19, 2023. The parties do not anticipate extra-record discovery being necessary.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties do not believe settlement is possible.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

No agreements have been made.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonable suitable, and state when such a technique may be effectively used in this case.**

It does not appear at this time that alternative dispute resolution would be helpful in this case.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties believe this matter can be resolved on dispositive motions.  The parties do not consent to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

Given that Texas raises claims under the Administrative Procedure Act, a jury trial is not appropriate.

19. **Specify the number of hours it will take to present the evidence in this case.**

The parties do not anticipate a trial being necessary.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Not applicable.

21. **List other motions pending.**

Defendants' motion to dismiss will have been filed, but briefing will not have been completed.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The parties request that the Court enter the proposed briefing schedule to allow prompt resolution of this matter.

23. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

**For Plaintiffs:**

JOHNATHAN STONE
Assistant Attorney General
Texas State Bar No. 24071779
Southern Dist. Bar No. 1635446
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Johnathan.Stone@oag.texas.gov
Telephone: (512) 475-4196

CHARLES K. ELDRED
Special Counsel for Legal Strategy
Texas State Bar No. 00793681
Southern Dist. Bar No. 20772
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Charles.Eldred@oag.texas.gov
Telephone: (512) 936-1706

RYAN D. WALTERS
Special Counsel
Texas State Bar No. 24105085
Southern District Bar No. 3369185
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Ryan.Walters@oag.texas.gov
Telephone: (614) 432-3457

**For Defendants:**

Alexander V. Sverdlov (N.Y. Bar No. 4918793)
Trial Attorney
U.S. Department of Justice
Federal Programs Branch, Civil Division
1100 L St., N.W.
Washington, D.C. 20005
Tel: (202) 305-8550

Christopher A. Eiswerth (D.C. Bar No. 1029490)
Trial Attorney
U.S. Department of Justice

Federal Programs Branch, Civil Division
1100 L St., N.W.
Washington, D.C. 20005
Tel: (202) 305-0568

Lance Duke (Tex. Bar No. 00798157)
Assistant United States Attorney
Southern District of Texas
800 N. Shoreline Blvd. Ste. 500
Corpus Christi, TX 78401
Tel: (361) 446-2890

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALAMDAR HAMDANI
United States Attorney

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Alexander V. Sverdlov*
Alexander V. Sverdlov (N.Y. Bar No. 4918793)
Attorney-in-Charge / Admitted Pro Hac Vice
Christopher A. Eiswerth (D.C. Bar 1029490)
Admitted Pro Hac Vice
Trial Attorney
U.S. Department of Justice
Federal Programs Branch, Civil Division
1100 L St., N.W.
Washington, D.C. 20005
Tel: (202) 305-8550 / Fax: (202) 616-8460
alexander.v.sverdlov@usdoj.gov
christopher.a.eiswerth@usdoj.gov

Lance Duke
Assistant United States Attorney
Southern District of Texas
800 N. Shoreline Blvd., Ste. 500
Tel: (361) 446-2890

Fax: (361) 888-3200
lance.duke@usdoj.gov

*Counsel for Defendants*

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**AARON F. REITZ**
Deputy Attorney General for Legal Strategy

**CHRISTOPHER D. HILTON**
Chief for General Litigation Division

*/s/Johnathan Stone*

**JOHNATHAN STONE**
*Attorney-in-Charge*
Assistant Attorney General
Texas State Bar No. 24071779
Southern Dist. Bar No. 1635446
Johnathan.Stone@oag.texas.gov

**CHARLES K. ELDRED**
Special Counsel for Legal Strategy
Texas State Bar No. 00793681
Southern Dist. Bar No. 20772
Charles.Eldred@oag.texas.gov

**RYAN D. WALTERS**
Special Counsel
Texas State Bar No. 24105085
Southern District Bar No. 3369185
Ryan.Walters@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4196
Facsimile: (512) 320-0667

***ATTORNEYS FOR PLAINTIFF STATE OF TEXAS***

## <u>CERTIFICATE OF SERVICE</u>

I certify that that on April 12, 2023, this document was filed electronically via the Court's

CM/ECF system, causing electronic service upon all counsel of record.

/s/Johnathan Stone

**JOHNATHAN STONE**
Assistant Attorney General