UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **The STATE OF TEXAS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:23-CV-00001 |
| | § | |
| **ALEJANDRO MAYORKAS**, Secretary of the United States Department of Homeland Security, in his official capacity, **UNITED STATES DEPARTMENT OF HOMELAND SECURITY**, **UR MENDOZA JADDOU**, Director of U.S. Citizenship and Immigration Services, in her official capacity, **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**, **JOSEPH R. BIDEN, JR.**, President of the United States, in his official capacity, | § § § § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, the State of Texas, filed this case against the Department of Homeland Security ("DHS") and other executive officials (together, the "Federal Defendants") challenging DHS's issuance of a Final Rule entitled, "Public Charge Ground of Inadmissibility," 87 Fed. Reg. 55472 (Sept. 9, 2022), and the repeal of a similar Final Rule entitled, "Inadmissibility on Public Charge Grounds," 84 Fed. Reg. 41292 (Aug. 14, 2019). Pending before the Court is the Federal Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction and Improper Venue, (Dkt. No. 22). The Court **DENIES** the Motion without prejudice at this time.

**I.     BACKGROUND**

On January 5, 2023, Plaintiff, the State of Texas, filed a three-count complaint challenging the Federal Defendants' issuance of a Final Rule entitled, "Public Charge Ground of Inadmissibility," 87 Fed. Reg. 55472 (Sept. 9, 2022) (the "2022 Rule"), and the repeal of a similar Final Rule entitled, "Inadmissibility on Public Charge Grounds," 84 Fed. Reg. 41292 (Aug. 14, 2019) (the "2019 Rule"). (Dkt. No. 1 at 1, 10, 21–23). Broadly speaking, Texas asserts that the Federal Defendants' implementation of the 2022 Rule and repeal of the 2019 Rule violates the Administrative Procedure Act. (*Id.* at 21–23).

On April 24, 2023, the Court held a scheduling conference during which the Parties notified the Court that in lieu of a trial they would file cross-motions for summary judgment. (*See* Dkt. No. 23). Pending now before the Court is the Federal Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction and Improper Venue, (Dkt. No. 22). With briefing complete, the Motion is ripe for review.

**II.    DISCUSSION**

In their Motion to Dismiss, the Federal Defendants argue that Texas has not established Article III standing because Texas's alleged injury is speculative, and Texas has not demonstrated traceability or redressability. (Dkt. No. 22 at 13–18). Alternatively, the Federal Defendants argue that dismissal is appropriate because the Victoria Division of the Southern District of Texas is not the proper venue for this case. (*Id.* at 18–24). The Court will address both basis for dismissal in turn.

### A.     ARTICLE III STANDING

In their Motion to Dismiss, the Federal Defendants argue that Texas has alleged an injury that is too speculative, and therefore not a cognizable injury as required to establish Article III standing.  (Dkt. No. 22 at 13–16).  Further, the Federal Defendants assert that Texas has not demonstrated traceability or redressability.  (*Id.* at 16–17).  Texas maintains that it has standing to bring this suit.  (Dkt. No. 25 at 7–15).  Texas argues that it has special solicitude in the standing analysis.  (*Id.* at 7–9).  Texas points to various studies and data as evidence to show that the 2022 Rule will result in monetary losses that are measurable, concrete, and particularized injuries.  (*Id.* at 10–13).  Texas further argues that its injuries are traceable to the Federal Defendants' actions and are redressable by this Court.  (*Id.* at 13–15).

After careful review, the Court is of the opinion that the question of whether Texas has standing to bring this suit is better resolved at the summary judgment stage where the Court can consider extra-record discovery evidence for standing.  *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136–37, 119 L.Ed.2d at 351 (1992) (noting that at the summary judgment stage, Rule 56 requires a plaintiff seeking summary judgment to go beyond the pleadings and submit specific admissible evidence establishing its standing, including redressability); *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 608, 107 L.Ed.2d 603 (1990) ("It is a long-settled principle that standing cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear in the record." (cleaned up)).  Therefore, the Court denies the Federal Defendant's Motion to Dismiss on the basis of Article III standing.  The Court

will consider the Parties' arguments on Article III standing on the cross-motions for summary judgment.

B. **VENUE**

In their Motion to Dismiss, the Federal Defendants argue that venue is improper in Victoria under 28 U.S.C. § 1406. (Dkt. No. 22 at 18–22).  28 U.S.C. § 1406(a) provides that a district court shall dismiss or transfer a case that is filed in the wrong district or division.  To lay venue in the proper district or division, litigants must adhere to the venue rules under 28 U.S.C. § 1391.  Where the defendant in a civil action is the federal government, venue is governed by 28 U.S.C. § 1391(e).  Section 1391(e)(1) provides in relevant part that:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which . . . (C) *the plaintiff resides if no real property is involved in the action. . . .*

28 U.S.C. § 1391(e)(1) (emphasis added).  The Federal Defendants argue that venue is improper in the Victoria Division because, for venue purposes, the State of Texas does not reside here, but instead resides only in its principal place of business.  (Dkt. No. 22 at 18–22).  The Federal Defendants further argue that the interests of justice favor dismissal because of concerns regarding public perception and judge shopping.  (*Id.* at 23–24).

Recently, this Court addressed these very issues among essentially the same Parties in *Texas v. DHS*, ____ F.Supp.3d ____, 2023 WL 2457480 (S.D. Tex. Mar. 10, 2023). There, this Court held that venue was proper for the State of Texas within the Victoria

Division because Texas resides in every division within its borders. *Id.* at *3–4. The Court further addressed the Federal Defendants' concerns about public perception and judge shopping. *Id.* at *7–8. The Court remains steadfast in its interpretation of Section 1391 and the conclusion that a state is a resident at every point within its borders. For the same reasons, the Court denies the Federal Defendants' Motion to Dismiss on the basis of improper venue.

## III. CONCLUSION

Considering the foregoing reasons, the Court **DENIES** the Federal Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction and Improper Venue, (Dkt. No. 22).

It is SO ORDERED.

Signed on August 29, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**